THE LAW OFFICE OF JUSTIN SOBODASH
Justin Sobodash (SBN 217450)
Justin@Sobodashlaw.com
8335 West Sunset Blvd., Suite 302
West Hollywood, California 90069
Telephone:  323.337.9010
Facsimile:  323.656.7155
www.sobodashlaw.com

HENDRICKSMURRY, P.C.
Geoffrey Murry (SBN 238046)
Gmurry@hendricksmurry.com
50 California Street, Suite 1500
San Francisco, California 94111
Telephone: 415.986.9800
Facsimile: 415.986.9805

Attorneys for Plaintiff Richard Charles Sutphen

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD CHARLES SUTPHEN, also known as "Dick Sutphen," an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>JORDI CORRALES JIMINÉZ, an individual, ACERTING TECH SL, an entity of unknown form, and DOES 1-10, inclusive<br><br>Defendants. | Case No. 3:15-CV-01990<br><br>COMPLAINT FOR:<br><br>1. Copyright Infringement (17 U.S.C. §§101, et seq.);<br>2. Declaratory Judgment;<br>3. Permanent Injunction<br><br>[DEMAND FOR JURY TRIAL] |

-1-

COMPLAINT

Plaintiff Richard Sutphen a.k.a. "Dick Sutphen" alleges:

## THE PARTIES

1. Richard Sutphen a.k.a. "Dick Sutphen" is an individual residing in Sedona, Arizona.

2. Defendant Jordi Corrales Jiménez ("Corrales") is an individual residing in Barcelona, Spain.  Mr. Corrales has in a filed Digital Millennium Copyright Act counter-notification (17 U.S.C. § 512(c)(3)) consented to the jurisdiction of this court and agreed to accept service of process in this action.

3. Defendant Acerting Tech SL ("Acerting") is an entity of unknown origin operated and controlled by defendant Corrales.  Corrales used a website owned by Acerting to engage in the infringing activity described herein.

4. Plaintiff is unaware of the names and true capacities of additional defendants, whether individual, corporate, partnership and/or other entity, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained.

5. Plaintiff is informed and believes, and based thereon alleges, that defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other defendants, who obtained financial benefit from the defendants' acts and omissions, and each was acting within the course and scope of said agency and employment.

6. Plaintiff is informed and believes, and based thereon allege, that at all relevant times herein, defendants and DOES 1 through 10, inclusive, did aid, abet, participate in, contribute to, or benefit from the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

COMPLAINT

7. Plaintiff further alleges on information and belief that defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty such defendants failed and/or refused to perform.

8. Plaintiff further alleges on information and belief that each defendant is an alter ego of the other.

## JURISDICTION

9. This is a civil action pertaining to intellectual property rights arising under the Copyright Act and state law claims. This court has exclusive federal-question jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1338(a) and (b).

## INTERDISTRICT ASSIGNMENT

10. Defendants have consented to the jurisdiction by a Copyright Counter-Notification made to YouTube.com on or about April 20, 2015. Venue is proper in this district under 28 U.S.C. Section 1391(b).

11. Youtube.com is located in San Mateo County, California. Defendants' infringing reproduction, distribution, and performance of the Registered Work is disseminated through San Mateo County, California and accordingly this action is assigned to San Francisco Division.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12. Richard Sutphen is the owner of United States Copyright Registration No. SR0000086766 (THE ETERNAL OM) ("Registered Work"). A true and correct copy of United States Copyright Office records evidencing Mr. Sutphen's ownership of the Registered Work is attached hereto as Exhibit "A."

13. Prior to January, 2015, defendants Corrales and Acerting without authorization reproduced, distributed and performed the Registered Work on various websites. Such conduct includes but is not limited to reproduction,

distribution, performance, and dissemination of the Registered Work on www.youtube.com.

14. On January 26, 2015, Plaintiff sent a 'cease and desist' letter ("Cease and Desist") advising defendants Corrales and Acerting of Plaintiff's registered copyright and ownership of the Registered Work.

15. Defendants Corrales and Acerting received and responded to the Cease and Desist letter through correspondence to Richard Sutphen and his attorney.

16. Defendants Corrales and Acerting are aware of Mr. Sutphen's ownership of the Registered Work.

17. Defendants Corrales and Acerting are aware that there are no legal grounds for them reproduce, distribute, perform or disseminate the Registered Work.

18. Defendants Corrales and Acerting continue to reproduce, distribute, perform, and disseminate the Registered Work.

19. Plaintiff filed a Digital Millennium Copyright Act Notice in or about February 2015 to prevent defendants Corrales and Acerting from continuing to reproduce, distribute, perform, and disseminate the Registered Work. On or about April 20, 2015, defendants Corrales and Acerting filed a Copyright Counter-Notification [No. 5-7968000006832] claiming, in bad faith, that they had a right to again reproduce, distribute, perform, and disseminate the Registered Work. A true and correct copy of the Counter-Notification is attached hereto as Exhibit "B."

## FIRST CAUSE OF ACTION

**[Copyright Infringement in Violation of 17 U.S.C. § 101 et seq.]**

**(Plaintiff against all named defendants and DOES 1-10)**

20. Plaintiff re-alleges and re-incorporates herein each prior allegation.

21. Richard Sutphen is the sole owner of the Registered Work.

22. Sutphen Center, LLC holds a license to reproduce and distribute various of the Richard Sutphen Works.

23. Defendants have without authorization reproduced, distributed, performed and disseminated the Registered Work on www.youtube.com and in other media.

24. As a direct and proximate result of defendants' infringing activities, Richard Sutphen has sustained and will continue to sustain substantial injury, including lost profits, and the income and profits defendants obtained from their infringing activities. Richard Sutphen has been deprived of profits in the amount of $9.99 per download of the Registered Work, and at least 50,000 downloads of such Registered Work would have occurred were it not for Corrales and Acertin's conduct as alleged herein. Richard Sutphen has also sustained damage to his business and the Copyrights in the Registered Work.

25. Defendants willfully reproduced, distributed, performed and disseminated the Registered Work despite having knowledge of Mr. Sutphen's ownership of the Registered Work. Accordingly, Richard Sutphen is entitled to an award of maximum statutory damages for willful infringement by defendants for infringement of the Registered Work. For the same reasons, Richard Sutphen is entitled to an award of attorney's fees and costs in this action.

26. Richard Sutphen lacks an adequate remedy at law to prevent Counterdefendants infringement.

## SECOND CAUSE OF ACTION

**(Declaratory Relief; Plaintiff against all named defendants and DOES 1-10)**

27. Plaintiff re-alleges and re-incorporates herein each prior allegation.

28. Defendants have made false representations of their ownership of the Registered Work to third parties and/or have made false representations of Plaintiff's relinquishment of ownership of the Registered Work.

29. Accordingly there is a bona fide, actual, present, practical need for the declaration sought.

30. Defendants' false representations are affecting Plaintiff's ability to defend and uphold his copyright in the Registered Work.

31. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning whether Defendants are permitted to use the Registered Work, whereby Plaintiff has demonstrated no use by Defendants is allowed and Defendants have disputed Plaintiff's right to make such assertion.

32. Accordingly, Plaintiff seeks a declaration that Defendants may not use the Registered Work and that Plaintiff is the owner of the Registered Work.

33. A judicial declaration at this time is necessary so that Defendant will not continue in their use and assertions of right to use the Registered Work.  Should no declaration issue, Plaintiff will suffer lost profits and damage to his copyright.

## THIRD  CAUSE OF ACTION

### (Permanent Injunction; Plaintiff against all named defendants and DOES 1-10)

34. Plaintiff re-alleges and re-incorporates herein each prior allegation.

35. Defendants have unlawfully distributed, reproduced, and performed the Registered Work by uploading it to YouTube.com.

36. Defendants have falsely stated to YouTube.com that the Registered Work is not protected by copyright and YouTube.com has indicated that it may allow the Registered Work to be unlawfully distributed, reproduced, and performed in the near future.

37. Such infringement is imminent, and would cause irreparable harm to Plaintiff for which there is no adequate remedy at law.

38. Accordingly, Plaintiff requests that a permanent injunction issue, ordering that the Registered Work, in whatever form, be prohibited from being further released, reprinted, performed, sold or licensed, without the consent of the Plaintiff, and that all uses of the Registered Work, in whatever form, already

released, be immediately retrieved, impounded and returned to Plaintiff for destruction unless otherwise consented to by Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Counterdefendants, and each of them, as follows:

1. Actual damages in the amount of $500,000 or in a greater amount to be proven at trial;

2. Statutory damages for willful infringement pursuant to the Copyright Act;

3. Defendants; profits;

4. An accounting;

5. Attorney's fees;

6. Costs;

7. Preliminary and permanent injunctive relief enjoining Defendants and those acting in concert or conspiracy with them from engaging in further acts of copyright infringement; and

8. Such other relief as the Court deems necessary and proper.

Dated:  May 4, 2015

                                              The Law Office of Justin Sobodash

                            By:    /s/ **Justin Sobodash**
                                       Justin Sobodash
                                       Attorney for Plaintiff

COMPLAINT

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated:  May 4, 2015

                                The Law Office of Justin Sobodash

                      By:   **/s/ Justin Sobodash**

                                Justin Sobodash
                                Attorney for Plaintiff